UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:14-CV-00046-JHM

AUTO CLUB PROPERTY-CASUALTY
INSURANCE COMPANY                                                        PLAINTIFF

V.

JAMES ADLER; DIANE MAHANEY,
Administrator of the Estate of Chelsey Mahaney;
UNBORN CHILD/FETUS OF CHELSEY MAHANEY;
CHARLES M. COPASS; and DAVID COPASS                          DEFENDANTS

## Memorandum Opinion and Order

This matter is before the Court on a motion for summary judgment by Plaintiff Auto Club Property-Casualty Insurance Company ("Auto Club") [DN 51] and a motion by Defendant James Adler ("Adler") for reconsideration [DN 55] of the Court's Order exercising its discretionary jurisdiction in this matter under 28 U.S.C. § 2201(a) [DN 45]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion for Summary Judgment is **GRANTED** and the Motion to Reconsider is **DENIED**.

## I. Background

This declaratory judgment action arises out of an underlying state court civil action between Diane Mahaney ("Mahaney"), as administrator of the estate of Chelsey Mahaney and as next friend of the unborn child/fetus of Chelsey Mahaney, as plaintiff, and Adler, Charles Copass, and David Copass, as defendants. The state court action stems from the June 11, 2012 murder of Chelsey Mahaney and her unborn child by Charles Copass at the home of Adler. In June 2013, Mahaney brought a wrongful death action in Allen Circuit Court against Charles Copass, David Copass, and Adler, seeking damages for the deaths of Chelsey Mahaney and her

unborn child.  (See State Compl. [DN 51-3].)[1]  The claims against Adler range from negligent entrustment of his home to failing to report parole violations of Charles Copass.  (See id. §§ V(C), VI(C).)  The Allen Circuit Complaint alleges that the conduct of Adler resulted in the death of Chelsey Mahaney and her unborn child.  It is apparently undisputed that the conduct of Adler would have resulted in no bodily injury but for the criminal act of Charles Copass.

At the time of the incident, Adler was insured under a homeowners insurance policy provided by Auto Club (the "Policy").  To defend against that suit, Adler sought coverage under the Policy.  The Policy provided personal liability coverage for Adler for the period October 26, 2011 to October 26, 2012.  Auto Club has been defending Adler in the state court action under a reservation of rights.

On February 6, 2014, Charles Copass pled guilty to the offenses of murder of Chelsey Mahaney, KRS 507.020, and fetal homicide in the first degree of her unborn child, KRS 507A.020, in Allen Circuit Court.[2]  (See J. on Unconditional Guilty Plea [DN 51-2].)

Auto Club then brought this declaratory judgment action against Adler, Mahaney, as administrator of the estate of Chelsey Mahaney and as next friend of the unborn child/fetus of Chelsey Mahaney, Charles Copass, and David Copass, seeking a declaration that it is under no duty to defend, pay, provide coverage to, or indemnify Adler for any claim that has been or could be filed arising from the bodily injury and/or death of Chelsey Mahaney and/or her unborn child/fetus on June 11, 2012 [DN 1].

---

[1] The Estates of Chelsey Mahaney and her unborn child seek compensatory damages for the wrongful death and personal injuries of Chelsey Mahaney and her unborn child, damages "to compensate the family of Chelsey Mahaney for outrageous conduct and infliction of emotional distress" and "for Plaintiffs' mental anguish, pain and suffering, and other non-pecuniary losses," and punitive damages.  (State Compl. [DN 51-3] § XII.)

[2] In addition to murder and fetal homicide, Charles Copass pled guilty to the offenses of robbery in the first degree, KRS 515.020; tampering with physical evidence, KRS 524.100; theft by unlawful taking of property greater than $10,000.00, KRS 514.030; and persistent felony offender, KRS 532.080(2).  (See J. on Unconditional Guilty Plea [DN 51-2].)

Pursuant to the terms of the Policy, Auto Club "will pay damages for which an *insured person* is legally liable because of *bodily injury* or *property damage* caused by an *occurrence* covered by this Policy." (Policy, PART II – LIABILITY INSURANCE COVERAGES, COVERAGE E – BODILY INJURY AND PROPERTY DAMAGE LIABILITY [DN 51-4] 15.)[3] Auto Club cites to five exclusions contained in the Policy to support its assertion that it is not obligated to defend or indemnify Adler in the underlying Allen Circuit Court action but only the Criminal Act Exclusion is pertinent to this discussion. Auto Club argues that the Criminal Act Exclusion precludes coverage for any and all claims that are (or could be) asserted against Adler arising from the murders of Chelsey Mahaney and her unborn child on June 11, 2012.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving

---

[3] The language in boldface italics in this and all other citations to the insurance policy is included in the original document. According to the Policy, "Defined words are shown in *bold italic* type." (Policy, DEFINITIONS USED THROUGHOUT THIS POLICY [DN 51-4] 5.)

party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

### III. DISCUSSION

In its motion for summary judgment, Auto Club seeks a declaration that it is not obligated to defend and indemnify Adler for any claims asserted against him relating to the events of June 11, 2012.

### A. *Applicable Law*

In order to determine coverage, the Court must interpret the language of the Policy and the exclusions listed within it. As this is a diversity case, the Court applies Kentucky law. Under Kentucky law, the interpretation and construction of an insurance policy is a matter of law for the court. Kemper Nat'l Ins. Cos. v. Heaven Hill Distilleries, Inc., 82 S.W.3d 869, 871 (Ky. 2002). "Terms of an insurance policy are given their plain and ordinary meaning and, when the terms are clear and unambiguous, must be enforced as drafted." Auto Club Prop.-Cas. Ins. Co. v. B.T. ex rel. Thomas, 596 F. App'x 409, 412 (6th Cir. 2015). Two well-recognized principles of insurance contract interpretation employed by Kentucky courts are: "(1) the contract should be liberally construed and all doubts resolved in favor of the insureds; and, (2) exceptions and exclusions should be strictly construed to make insurance effective." Ky. Farm Bureau Mut. Ins. Co. v. McKinney, 831 S.W.2d 164, 166 (Ky. 1992) (quoting Grimes v. Nat'l Wide Mut. Ins. Co., 705 S.W.2d 926 (Ky. Ct. App. 1985)); St. Paul Fire & Marine Ins. Co. v. Powell-Walton-

Milward, Inc., 870 S.W.2d 223, 227 (Ky. 1994).  The Supreme Court of Kentucky has explained:

> Because coverage exclusions are "contrary to the fundamental protective purpose of insurance," they are "strictly construed against the insurer" and "will not be extended beyond their clear and unequivocal meaning."  But that strict construction should not overcome "plain, clear language resulting in a strained or forced construction."

Kemper, 82 S.W.3d at 873–74 (quoting Diamaco, Inc. v. Aetna Cas. & Sur. Co., 983 P.2d 707, 711 (Wash. Ct. App. 1999)); Powell-Walton-Milward, 870 S.W.2d at 226 ("The rule of strict construction against an insurance company certainly does not mean that every doubt must be resolved against it and does not interfere with the rule that the policy must receive a reasonable interpretation consistent with the parties' object and intent or narrowly expressed in the plain meaning and/or language of the contract.").

Under Kentucky law, the determination of whether an insurance company has a duty to defend its insured "must be made at the outset of the litigation" by reference to the complaint and known facts.  James Graham Brown Found., Inc. v. St. Paul Fire & Marine Ins. Co., 814 S.W.2d 273, 279 (Ky. 1991); see Lenning v. Commercial Union Ins. Co., 260 F.3d 574, 581 (6th Cir. 2001).  Insurers have an obligation to defend "if there is any allegation which potentially, possibly or might come within the coverage of the policy."  James Graham Brown Found., 814 S.W.2d at 279 (citing O'Bannon v. Aetna Cas. & Sur. Co., 678 S.W.2d 390 (Ky. 1984)). "[A]llegations in the complaint are not by themselves sufficient to trigger the duty to defend, but rather, the obligation to defend arises out [of] the language of the insurance contract." Dibeneditto v. Med. Protective Co., 3 F. App'x 483, 485 (6th Cir. 2001) (citing Thompson v. W. Am. Ins. Co., 839 S.W.2d 579, 581 (Ky. Ct. App. 1992)).  An insurer's duty to defend "ends once the insurer establishes that the liability is in fact not covered by the policy."  Ky. Ass'n of Counties All Lines Fund Trust v. McClendon, 157 S.W.3d 626, 635 (Ky. 2005); James Graham Brown Found., 814 S.W.2d at 279 ("The duty to defend continues to the point of establishing

that liability upon which plaintiff was relying was in fact not covered by the policy and not merely that it might not be.").  Under Kentucky law, an insurer's duty to defend is broader than its duty to indemnify, and consequently, if there is no duty to defend, then there is no duty to indemnify.  Nautilus Ins. Co. v. Structure Builders & Riggers Mach. Moving Div., LLC, 784 F. Supp. 2d 767, 771 (E.D. Ky. 2011).

Under Kentucky law, a party claiming coverage under an insurance policy has the burden of establishing that the incident is within the scope of the policy, while the burden is on the insurer to establish that an exclusion bars coverage.  Secura Ins. Co. v. Gray Constr., Inc., 717 F. Supp. 2d 710, 714–15 (W.D. Ky. 2010).  "Once the insurer has shown that application of an exclusion, the burden shifts back to the insured."  Id. at 715.

## B.  *Criminal Act Exclusion*

The parties argue different interpretations of both the insuring clause and the Criminal Act Exclusion.  The first issue the Court must address is Auto Club's argument in response to Adler's claim that the Criminal Act Exclusion does not apply to preclude coverage for emotional distress and mental anguish damages that are claimed in the Allen Circuit Complaint.  In response, Auto Club contends that Adler's argument with respect to emotional distress damages is not only wrong, but that the Policy does not even cover emotional distress damage unless those damages are for "***personal injury***," i.e., caused by false arrest, false imprisonment, libel, slander, defamation of character, or malicious prosecution in the first place.  Auto Club argues that under the insuring clause of the Policy, the insurer will pay damages only for "bodily injury," which includes "personal injury," "which by definition includes only damages for mental anguish and mental injury caused by false arrest, false imprisonment, libel, slander, defamation of character or malicious prosecution."  (Pl.'s Mem. Supp. of Mot. Summ. J. [DN 51-

1] 13 (citing Policy, DEFINITIONS USED THROUGHOUT THIS POLICY, Definitions 3, 9 [DN 51-4] 5–6).)  Thus, according to Auto Club, damages for mental anguish and mental injury caused by any other conduct are simply not covered under the insuring clause.

The insuring clause provides that Auto Club "will pay damages for which an *insured person* is legally liable because of *bodily injury* or *property damage* caused by an *occurrence* covered by this Policy."  (Policy, PART II – LIABILITY INSURANCE COVERAGES, COVERAGE E – BODILY INJURY AND PROPERTY DAMAGE LIABILITY [DN 51-4] 15.) "*Bodily injury*" is defined by the Policy and "means bodily injury, *personal injury*, sickness, disease, including required care and loss of services, or death; all except in connection with any *business*."  (Policy, DEFINITIONS USED THROUGHOUT THIS POLICY, Definition 3 [DN 51-4] 5.)  "*Personal injury*," also defined by the Policy, "means shock, mental anguish[,] and mental injury, caused by one or more of the following: false arrest, false imprisonment, libel, slander, defamation of character[,] or malicious prosecution."  (Id. Definition 9, at 6.)

The Court rejects the notion that the Policy only covers emotional damages if they are for "*personal injury*," i.e., caused by false arrest, false imprisonment, libel, slander, defamation of character, or malicious prosecution.  Emotional damages can arise because of a bodily injury or otherwise.  The inclusion of "*personal injury*" within the definition of "*bodily injury*"—so that under the insuring clause there is coverage for damages arising because of *personal injury*— operates to provide coverage for damages arising because of emotional harm absent any physical injury.  Without that inclusion, mental or emotional harm absent any physical injury does not constitute "bodily injury" in the insurance context.  See Nat'l Fire Ins. Co. of Hartford v. NVM-Oklahoma, LLC, 546 F. Supp. 2d 1238, 1246 (W.D. Okla. 2008); Garrison v. Bickford, 377 S.W.3d 659, 666–67 (Tenn. 2012) (collecting cases) ("The majority of courts facing the question

in various contexts have concluded that 'bodily injury' does not include mental or emotional harm absent a physical injury to the insured."); see also Bituminous Fire & Marine Ins. Co. v. Izzy Rosen's, Inc., 493 F.2d 257, 260–61 (6th Cir. 1974) (finding that a policy insuring clause that provided the insurer "will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury," "contemplates some injury to the body of a physical nature in order to come within the definition of 'bodily injury,'" and therefore concluding that the policy "could not be construed to provide coverage for false arrest, false imprisonment, or malicious prosecution").  The Policy limits coverage for damages arising because of emotional harm absent physical injury to claims involving "false arrest, false imprisonment, libel, slander, defamation of character[,] or malicious prosecution."  (See Policy, Definition 9 [DN 51-4] 6.)  However, the Policy does not so limit coverage for damages arising because of physical (i.e., non-personal-injury) bodily injury.  Thus, if emotional damages arise because of physical bodily injury, there is coverage under the Policy.

Having construed the insuring clause, the Court must compare the underlying complaint to the policy provisions.  The parties do not appear to dispute that all of the claims and damages in the Allen Circuit Complaint, including the mental injury and emotional distress damages, are because of the injuries to and deaths of Chelsey Mahaney and her unborn child.[4]  The Allen Circuit Complaint alleges that the conduct of Adler resulted in the death of Chelsey Mahaney and her unborn child.  The complaint asserts a variety of bases for Adler's liability, but it is apparently undisputed that all of these claims, however they are labeled, are predicated on liability for the deaths of Chelsey Mahaney and her unborn child.

---

[4] Indeed, even Adler acknowledges in his brief that the claimed mental injury and emotional distress damages arose from these bodily injuries.  (See Def. Adler's Resp. to Pl.'s Mot. Summ. J. [DN 54] 9–10.)

To the extent that there are mental anguish and emotional distress damages in the Allen Circuit Complaint that are alleged not because of these bodily injuries, there is no coverage under the Policy and Auto Club has no duty to defend or indemnify Adler for such.

Auto Club contends that the Criminal Act Exclusion operates to exclude coverage for all of the claims asserted against Adler in the underlying complaint, thus releasing Auto Club from any duty to defend or indemnify Adler.  (See Pl.'s Mem. Supp. Mot. Summ. J. [DN 51-1] 8–14.) This exclusion states that Auto Club "will not cover":

10. ***bodily injury*** or ***property damage*** resulting from:

    a.  a criminal act or omission committed by anyone; or

    b.  an act or omission, criminal in nature, committed by an ***insured person*** even if the ***insured person*** lacked the mental capacity to:

        (1) appreciate the criminal nature or wrongfulness of the act or omission; or

        (2) conform his or her conduct to the requirements of the law; or

        (3) form the necessary intent under the law.

This exclusion will apply whether or not anyone, including the ***insured person***:

    a.  is charged with a crime;

    b.  is convicted of a crime whether by a court, jury or plea of nolo contender; or

    c.  enters a plea of not guilty whether or not accepted by the court

(Policy, PART II – LIABILITY INSURANCE COVERAGES, EXCLUSIONS – BODILY INJURY AND PROPERTY DAMAGE NOT COVERED [DN 51-4] 16–17.)  Auto Club contends that the exclusion clearly and unambiguously provides that damages for bodily injury (including death) are excluded from coverage if the damages for bodily injury result from a "criminal act or omission committed by anyone."  Thus, as applied here, the alleged damages from the deaths of Chelsey Mahaney and her unborn child are excluded from coverage under the Policy because they unquestionably result from the criminal act of murder committed by Charles Copass.

In the face of this obvious Criminal Act Exclusion, Adler makes an argument that is essentially the opposite of what he argued earlier against Auto Club's argument that the insuring clause only covers emotional distress damages that are for "***personal injury***," i.e., caused by

false arrest, false imprisonment, libel, slander, defamation of character, or malicious prosecution. Earlier, Adler argued that the insuring clause not only provides coverage for damages that are directly compensatory for bodily injury and emotional damages that are for personal injury (caused by false arrest, false imprisonment, libel, slander, defamation of character, or malicious prosecution), but also provides coverage for emotional damages that arise from bodily injury. Now, having successfully argued that there are emotional damages that flow from bodily injury and that the Policy provides coverage for all the claims made in the complaint that arose from bodily injury, Adler contends that the Criminal Act Exclusion only excludes damages that are directly compensatory for bodily injury and emotional damages that are for personal injury (caused by false arrest, false imprisonment, libel, slander, defamation of character, or malicious prosecution), but does not exclude emotional damages that arise from bodily injury.  (See Def. Adler's Resp. to Pl.'s Mot. Summ. J. [DN 54] 9–10 (quoting Policy, Definition 9 [DN 51-4] 6).)

The Court rejects Adler's unreasonable interpretation of the Criminal Act Exclusion.  The exclusion plainly provides that damages because of bodily injury are excluded from coverage if the bodily injury resulted from a "criminal act or omission committed by anyone."  It is undisputed that all of the claims and damages alleged in the underlying complaint are because of the deaths of Chelsey Mahaney and her unborn child.  It is further undisputed that the deaths of Chelsey Mahaney and her unborn child resulted from the criminal act of murder committed by Charles Copass.  Because the bodily injury (death) here resulted from the criminal act committed by Copass, the exclusion precludes coverage for the damages asserted in the underlying complaint because of that bodily injury.  Accordingly, the Court finds that the Criminal Act Exclusion relieves Auto Club of any duty to either defend or indemnify Adler in the underlying action.

Adler and Mahaney seek to avoid the clear policy language by advancing certain other arguments. Mahaney argues that Plaintiff's Motion for Summary Judgment is premature because of some discovery she has not yet obtained and reviewed from a related action in the Commonwealth of Kentucky Board of Claims. She argues that "[i]f it turns out that Defendant Adler violated any statutory or applicable regulations, with respect to his relations with convicted sex offender Copass, he may be liable to the Mahaneys in a manner not excluded by the authorities or policy provisions cited by Plaintiff in its Motion for Summary Judgment." (See Def. Mahaney's Resp. to Pl.'s Mot. Summ. J. [DN 53] 2–3.) Adler argues that the Allen Circuit Complaint is too ambiguous to determine the basis for liability and claims against Adler and that the ambiguity precludes a determination that none of the claims alleged fall within the Policy's coverage.

In its summary judgment motion, Auto Club has met its burden in showing an absence of a genuine issue of fact related to whether the state-court claims are excluded by policy provisions. The burden therefore shifts to Defendants. While Mahaney complains that discovery in a separate state-agency action is not complete, she does not meet her burden of showing that these potential future claims against Adler for statutory or regulatory violations would be covered by the Policy. The burden is on the party claiming coverage to establish that the incident is within the scope of the policy. Secura, 717 F. Supp. 2d at 714–15. Simply asserting, without explanation or elaboration, that such alleged statutory or regulatory violations by Adler "may be subject to coverage by Plaintiff Auto Club" is insufficient to meet this burden.

Furthermore, the insuring clause and the Criminal Act Exclusion are coextensive in this case. There may be any number of claims against Adler, but in order for any claim to be within the scope of the Policy's coverage it must be because of bodily injury or property damage. As the Court has already noted, the only bodily injury alleged is the injury to and deaths of Chelsey

Mahaney and her unborn child and all claims arising from that bodily injury are excluded by the Criminal Act Exclusion.  Regardless of the purported theories of liability, any claim against Adler that is within the scope of the Policy seeks recovery for the deaths of Chelsey Mahaney and her unborn child, which resulted from the criminal act of Charles Copass and is therefore not covered.  (See Order Sept. 17, 2014 [DN 45] 2 ("Even if Adler was found liable for some failure on his part, or for negligent entrustment of his home to Copass, that conduct would have resulted in no bodily injury but for the criminal act of Copass.").)  Cf. State Auto Prop. & Cas. Ins. Co. v. J.R.E., No. 3:13-CV-00974-H, 2014 WL 3955490, at *4 (W.D. Ky. Aug. 13, 2014) ("[The sexual molestation exclusion here precludes coverage for '"bodily injury" . . . arising out of sexual molestation.' . . . [T]his language removes from coverage an entire category of injuries—specifically, those arising out of sexual molestation."); Am. Nat'l Prop. & Cas. Co. v. M.M., No. 4:09CV-00079-JHM, 2010 WL 3341501, at *3–4 (W.D. Ky. Aug. 24, 2010) (finding that "[n]o matter how one might label the claims, they arise as a result of the alleged acts of K.M., which Defendants admit constitute sexual molestation" and granting summary judgment for insurers because relevant policy exclusions "remove from coverage an entire category of claims—those arising out of sexual molestation and intentional acts").  The Court therefore concludes that Defendants have not shown a genuine issue of fact that any claims for bodily injury against Adler do not result from the criminal act of Charles Copass.

In sum, the Policy provides coverage for any damages arising out of a bodily injury, unless that bodily injury results from a criminal act committed by anyone.  Here, all of the damages sought by the underlying plaintiff are covered by the Policy as they are because of the deaths of Chelsey Mahaney and her unborn child, a type of bodily injury under the Policy.  However, the bodily injury out of which those damages arose resulted from the criminal act of

murder committed by Charles Copass.  Accordingly, all of the damages sought are excluded from coverage.  Therefore, the Court finds that the Criminal Act Exclusion relieves Auto Club from any duty to defend Adler in the underlying action.  Having concluded that there is no duty to defend, there is necessarily no duty to indemnify and thus Auto Club's motion for summary judgment on its claim seeking declaratory judgment that it has no duty to defend or indemnify is granted.  See Nautilus Ins. Co., 784 F. Supp. 2d at 771.

### C.  *Adler's Motion to Reconsider [DN 55]*

Having found that the underlying claims are barred by the Criminal Act Exclusion, the Court finds it unnecessary to determine whether coverage is precluded by the remaining exclusions enumerated by Auto Club as grounds for denying coverage.  As Adler's motion to reconsider this Court's prior Order of September 17, 2014 [DN 45], is premised upon the propriety of the Court considering those remaining exclusions, the Court denies that motion.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment [DN 51] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Adler's Motion to Reconsider [DN 55] is **DENIED**.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

August 18, 2015

cc:      Counsel of Record